**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JERRY BROWN, | : | |
| | : | Civil Action No. 12-5069(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY DOC, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Jerry Brown
Mid-State Correctional Facility
P.O. Box 866
Wrightstown, NJ  08562
    Plaintiff pro se

**HILLMAN,** District Judge

    Plaintiff Jerry Brown, a prisoner confined at Mid-State Correctional Facility in Wrightstown, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

---

[1] When Plaintiff originally submitted his Complaint, he neither prepaid the filing fee nor submitted an application for leave to proceed in forma pauperis.  Accordingly, this Court ordered the matter administratively terminated and granting Plaintiff leave to apply to re-open by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.  Thereafter, Plaintiff submitted a new application and this Court ordered this matter re-opened for consideration of

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true only for purposes of this review.

Plaintiff alleges that on July 16, 2012, the plastic chair in which he was sitting broke and he fell to the floor, hurting both his arm and back.  He reported the incident to Correctional Officer John Doe Horner, who immediately sent him to the medical department.  There, he was seen by nurse Jane Doe, who referred

---

the new application.  The application remains deficient, in that it includes a certification as to the authenticity of the "attached" institutional account statements, but no such account statements were attached.  As this appears to be a clerical error, and in order to address the merits of the Complaint, this Court will provisionally grant Plaintiff leave to proceed in forma pauperis, for purposes of conducting the screening required by 28 U.S.C. § 1915.

his injuries to the facility physician.  As of August 7, 2012, Plaintiff had not been seen by a physician.  Plaintiff names as defendants the New Jersey Department of Corrections, John and Jane Doe correctional officers, and nurse Jane Doe.

The Court construes these allegations as an attempt to state a claim for denial of medical care in violation of the Eighth Amendment proscription against cruel and unusual punishment.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

3

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedies by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

4

pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

### IV.   <u>ANALYSIS</u>

A.   <u>The New Jersey Department of Corrections</u>

Plaintiff's claim against the New Jersey Department of Corrections is barred by the Eleventh Amendment to the U.S. Constitution, which provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by citizens of another State, or by Citizens or Subjects of any Foreign State."

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, are persons within the meaning of § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Gravow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).  For all the foregoing reasons, the Complaint fails to state a claim against the New Jersey Department of Corrections and the deficiency cannot be cured by amendment.

B.   The Claims Against Correctional Staff

Plaintiff also names as defendants correctional officers John Doe Horner, correctional officers John Doe (1-10) and Jane Doe (11-20), as well as nurse Jane Doe.  The only factual allegation regarding a correctional officer, however, is the allegation that Correctional Officer John Doe Horner immediately

sent Plaintiff to the medical department after his fall. The only allegation regarding nurse Jane Doe is that she referred Plaintiff's injuries to a physician. These allegations are not sufficient to state an Eighth Amendment medical-care claim.

The Eighth Amendment proscription against cruel and unusual punishment, applicable to the individual states through the Fourteenth Amendment, is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981); Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege facts demonstrating: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for

7

doctors attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988), cited in Brown v. Rozum, 453 F.App'x 127, 128 (3d Cir. 2011).

    The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  Deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  See also Winslow v. Prison Health Svcs., 406 F.App'x 671, 675 (3d Cir. 2011) ("because the complaint pleaded only that Winslow was subjectively dissatisfied with his medical treatment ..., the District Court properly dismissed his claims").  Similarly, mere disagreements over medical judgment do not state Eighth Amendment claims.  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). "Where prison authorities deny reasonable requests for medical treatment, ...

and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest.  Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988) (citations omitted).

Plaintiff's vague allegation that he hurt his arm and back when he fell from a broken chair is not sufficient to demonstrate a "serious medical need."  Cf. Tsakonas v. Cicchi, 308 F.App'x 628, 632 (3d Cir. 2009) ("In order to be considered 'serious,' '[t]he detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." (citation omitted)); Makenson v. Luzerne County Correctional Facility, Civil No. 13-2204, 2014 WL 3829894, *4 (M.D. Pa. July 31, 2014) (holding that multiple bruises do not constitute a serious medical need); Stroud v. Boorstein, Civil No. 10-3355, 2014 WL 2115499, *9 (E.D. Pa. May 20, 2014) (noting that mild discomfort resulting from bruises and bleeding is not generally considered a serious medical need) (collecting cases).

Even if Plaintiff could amend to allege a "serious medical need," however, the facts alleged regarding the behaviors of

9

Correctional Officer John Doe Horner and nurse Jane Doe indicate that they responded timely and appropriately to Plaintiff's needs.  Accordingly, the Complaint fails to state a claim against either of these defendants.

With respect to the remaining fictitious defendant correctional officers, Plaintiff has failed to allege either any identifying characteristics or any facts suggesting "deliberate indifference."  Although fictitious defendants "'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed,'" Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (citations omitted), the complaint must contain factual allegations describing the fictitious defendants and their actions.  See Kates v. Bridgeton Police Department, Civil Action No. 10-6386, 2011 WL 6720497, *1 n.1 (D.N.J. Dec. 21, 2011); Smith v. Creative Resources, Inc., Civil Action No. 97-6749, 1998 WL 808605, *1 n.2 (E.D. Pa. Nov. 23, 1998).  See also Beale v. Department of Justice, Civil Action No. 06-2186, 2007 WL 327465, *8 (D.N.J. Jan. 30, 2007) (noting that a plaintiff cannot maintain an action solely against unnamed parties where the plaintiff has failed to describe the fictitious defendants, or their actions, sufficiently to enable naming them at a later date).

For all the foregoing reasons, Plaintiff's Complaint fails to state a claim against any defendant, named or fictitious.

V.   CONCLUSION

For the reasons set forth above, the claim against the New Jersey Department of Corrections will be dismissed with prejudice pursuant to the Eleventh Amendment.  All remaining claims will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint.[2]  Any application to re-open must also be accompanied by a complete application for leave to proceed in forma pauperis, including certified institutional account statements for the six-month period preceding the submission of the application to re-open.

An appropriate order follows.

At Camden, New Jersey                    s/ Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge
Dated:  October 2, 2014

---

[2]  Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases).  See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  Id.

11